JOHN T. GRAHAM *vs*. INSURANCE COMPANY OF NORTH AMERICA.

Suffolk.    January 12, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Insurance,* On goods during transportation.  *Automobile.  Words,* "Derailment."

The skidding of the hind wheels of an automobile truck into a gutter when the truck is being operated upon a public highway, so that the truck is caused to capsize and its contents to be injured, is not a "derailment" of the truck within the meaning of that word as used in a policy of insurance of the contents of the truck during transportation "against loss or damage by fire, collision or derailment on land."

CONTRACT upon a policy of insurance of goods during transportation.  Writ in the Municipal Court of the City of Boston dated February 6, 1914.

The case was heard in the Municipal Court by *Duff,* J., who found for the plaintiff in the sum of $397.50, and at the request of the defendant reported the case to the Appellate Division.  The material facts are stated in the opinion.  The Appellate Division ordered that judgment be entered for the defendant.  The plaintiff appealed.

*A. P. Gay,* for the plaintiff.

*F. W. Eaton,* for the defendant.

CROSBY, J.  This is an action of contract upon a transportation certificate of insurance, so called, issued to the plaintiff by the defendant.  In the margin of the certificate the following printed words appear: "This insurance is only against loss or damage by fire, collision or derailment on land, and marine perils while on ferries and transfers."  In the body of the certificate the following appears: "Shipped by Auto Truck at and from Medford Mass. to destination East Princeton Mass. covering only while in transit by land. . . ."

While the property of the plaintiff was in course of transportation by auto truck the wheels of the truck skidded into the gutter, causing the truck to tip and capsize.  The amount of damage to the property for which the plaintiff would be entitled to recover,

if the defendant is liable at all under the certificate, has been agreed upon by the parties.

As the accident which resulted in the damage to the plaintiff's goods was not caused by fire, or by collision, the sole question presented is whether the damage was caused by a "derailment" as meant by the certificate or contract of insurance. "Derailment" is defined by Webster's International Dictionary as "The act of going off, or the state of being off, the rails of a railroad."

The word is to be interpreted according to the general and ordinary acceptation of the language used in the absence of evidence that it has acquired by custom or otherwise a peculiar meaning distinct from the popular sense of the word. It is to be understood as conveying the usual meaning of the word as commonly accepted. It is plain that "derailment" is used only in connection with transportation by rail as distinguished from transportation by vehicles over land by means other than by rail, and as distinguished from transportation by water.

The language of the certificate is clear and free from ambiguity, and the parties must be bound by the agreement which they have entered into, in the absence of fraud or some other legal reason justifying a repudiation of the contract. *Hatch* v. *United States Casualty Co.* 197 Mass. 101.

We are of opinion that the skidding of the hind wheels of the truck into the gutter, causing it to capsize when it was being operated upon a public highway, cannot be found to be a "derailment."

The entry must be

*Judgment affirmed.*