O'LEARY v. ST. PAUL FIRE & MARINE
INS. CO. (No. 229.)

(Court of Civil Appeals of Texas. Beaumont.
May 30, 1917. Rehearing Denied June 27,
1917.)

1. INSURANCE ⬤⟷424—AUTOMOBILE INSUR-
ANCE—"COLLISION."

Under a policy insuring an automobile
against collision with any other vehicle or ob-
ject, excluding striking of roadbed, rails, ties,
etc., plaintiff could not recover for damage to
his automobile caused by the second floor of the
garage in which it was kept falling upon it, as
it was not a "collision" with such an object as
contemplated by the policy.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Colli-
sion.]

2. INSURANCE ⬤⟷146(3)—POLICY—CONSTRUC-
TION.

A policy of insurance will be construed most
strongly against the company.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 295.]

Appeal from Harris County Court; Murray
B. Jones, Judge.

Suit by D. L. O'Leary against the St.
Paul Fire & Marine Insurance Company.
From a judgment for defendant, plaintiff ap-
peals. Affirmed.

Woods, King & John, of Houston, for ap-
pellant. Elliott Cage, of Houston, for ap-
pellee.

BROOKE, J. This was a suit brought by
appellant against appellee on a policy of in-
surance, issued by appellee to appellant. The
issues raised by the pleadings are broad
enough to support the court's findings of fact,
in our opinion, and it is therefore unneces-
sary to enter into any statement of the con-
tents of the pleadings. The court's findings
of fact, filed at request of appellant, read as
follows:

"I find that on or about July 8, 1915, plain-
tiff and defendant entered into a contract, by
the terms of which defendant insured an automo-
bile belonging to the plaintiff in the sum of
$750, the policy covering damage to the auto-
mobile and equipment in excess of $25 by being
in collision, during the period insured, with any
other automobile, vehicle or object, excluding:
(1) damages or loss to tires (unless the total
damage caused by the collision to the automo-
bile herein described exceeds the sum of $200);
(2) damage caused by striking any portion of
the roadbed or by striking the rails or ties
of the street, steam, or electric railroads; (3)
loss or damage while the automobile insured is
being operated in any time or speed contest or
while being operated by any person under the
age of 16 or age limit by fire. The policy also
covered damage by fire, and in consideration
of a premium of $28.05 insured the plaintiff's
automobile for the term of one year from July
8, 1915.

"I find that plaintiff paid for said car the
sum of $850.

"I find that on or about August 14, 1915,
the car was in a collision and was damaged by
said collision in the sum of $50, that the de-
fendant settled with said plaintiff for said dam-
age, but that the car had not been repaired at
the time of the accident which forms the basis
of this suit.

"I find that on or about August 16, 1915,
while said car was in the garage of the McDade
Automobile Company for the purpose of being
repaired, the building in which said automobile
company's garage was located collapsed, the sec-
ond floor of the building falling upon the said
automobile and damaging it; that the building
was caused to collapse by a severe storm.

"I find that the damage to the automobile
sued for in this case was caused by the second
floor of the building falling upon said automo-
bile, and that said automobile was damaged in
the sum of $300, after deducting $25 as provid-
ed by the policy, and taking into consideration
the deterioration caused by the use of the car.

"I find that no proofs of loss were furnished
by plaintiff, but that defendant denied liability
under the policy and has never paid the plaintiff
for the damage to the car."

Judgment was entered in favor of de-
fendant in the court below. Appellant, in due
season, filed motion for new trial, which was
overruled, plaintiff excepting, and giving no-
tice of appeal to this court, and the case is
now properly before this court for adjudica-
tion.

Appellant's first assignment is as follows:

"Because the court erred in rendering a judg-
ment in favor of the defendant and against the
plaintiff, the evidence indisputably showing that
the automobile described in plaintiff's petition,
and belonging to the plaintiff, was in collision
with an object such as is contemplated by the
terms of the policy sued upon and was damaged
because of such collision in the sum sued for."

The proposition of appellant is as follows:

"The word 'collision' includes within its mean-
ing—when it is used in a policy of insurance on
a vehicle, which policy expressly provided that
it shall not be considered a collision when the
vehicle is damaged by striking any portion of
the roadbed, or the rails, or ties of street, steam,
or electric railroads—the falling of any object
upon the vehicle while the vehicle is stationary."

On the other hand, it is contended that
the alleged collision in which the automobile
was damaged was not such as was contem-
plated by the terms of the policy.

[1] We have read the clause of the policy
carefully, and have arrived at the conclusion
that the contention of appellant is not sound,
and that this court would not be justified
in holding that the alleged collision, in which
the automobile was damaged, was such as
was contemplated by the terms of the pol-
icy. The car was in a garage. The second
floor of the building or garage falling upon
the car caused the damage. Surely it cannot
be said that it was the intention of the par-
ties, as ascertained from the terms of the
policy, that the word "collision" was broad
enough to cover such damage as occurred in
the instant case, and that appellee would be
called upon to pay a loss caused by the fall-
ing of a building upon the car while the car
was being left in the same.

The case of Harris v. American Casualty
Co., 83 N. J. Law, 641, 85 Atl. 194, 44 L. R.
A. (N. S.) 70, Ann. Cas. 1914B, 846, cited by
appellant, was a case in which the automo-
bile, while being operated, ran off the bridge,
and struck the water and ground beneath.

We are of opinion that that case is easily distinguished from the instant case.

The case of Newton Creek Towing Co. v. Ætna Ins. Co., 163 N. Y. 114, 57 N. E. 302, was a case in which a boat was lashed to the side of a tugboat and forced through a heavy ice flow, thereby being injured. The court held that, while the injury was undoubtedly caused by collision with the ice, still the injury was not within a contract for insurance against accident caused by collision.

[2] We agree with appellant that a policy of insurance will be construed most strongly against the company. However, we do not believe that a forced construction and one clearly not within the intention of either party should be placed upon the language used in the policy. We do not believe, in the case at bar, that there was a "collision" within the ordinary meaning of that term, and we are of opinion that appellant should not be permitted to recover upon said policy in the instant case.

Without going into detail, and without extending this opinion further, it will be sufficient to say that, in our judgment, there is no merit in appellant's assignment. The same is therefore overruled, and, as this court finds no error in the action of the lower court, its judgment is in all things affirmed.