## AMERICAN AUTOMOBILE INS. CO. v. BAKER et al.   (No. 630.)

Court of Civil Appeals of Texas. Waco.
March 29, 1928.

**1. Appeal and error ⟞1050(2)—Admission of letter to insured's husband, stating automobile collision policy was renewed with full coverage, held harmless, though immaterial.**

In suit on automobile collision policy, admission in evidence of letter to insured's husband, stating that policy was renewed with full coverage, *held* harmless, though letter was immaterial in that it in no way tended to broaden or construe any of written clauses of policy sued on.

**2. Insurance ⟞424—Term accidental "collision" with object as used in automobile collision policy means contact with some object.**

The term "accidental collision with object" as used in automobile collision policy means contact with some object such as a tree, stump, rock, fence, embankment, or other obstruction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collision.]

**3. Insurance ⟞146(3)—Insurance contracts are to be construed strongly against insurer.**

Insurance contracts are to be construed most strongly against the insurer, though subject to same rules of construction applied to language of any other contract.

**4. Insurance ⟞146(2)—Language of insurance contract is to be construed according to popular and usual significance, unless acquiring by custom or otherwise peculiar meaning.**

In construing a contract, its language is to be accorded its popular and usual significance and it is not permissible to impute an unusual meaning to language used in contract of insurance any more than language of any other contract, unless language has acquired by custom or otherwise peculiar meaning.

**5. Insurance ⟞424—Automobile policy covering accidental "collision" did not cover damage resulting from hail.**

Automobile collision policy, indemnifying insured against damage or loss from accidental collision with any other automobile, vehicle, or object, *held* not to cover damage resulting from hail, since in the usual and popular understanding of the term a "collision" does not result from a force of gravity alone, especially when unaided by any human agency contributing thereto.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Suit by Mrs. Fenton J. Baker and husband against the American Automobile Insurance Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Thompson & Barwise, of Fort Worth, for appellant.

Leachman & Gardere, of Dallas, for appellees.

STANFORD, J. This suit was filed by appellees, Mrs. Baker and husband, against appellant, to recover damages to an automobile in the sum of $236.50. Liability for said amount was based upon a certain written contract of insurance issued by appellant to appellee Mrs. Baker covering her automobile, which policy provided in terms that the American Automobile Insurance Company insured plaintiff, Mrs. F. J. Baker, against actual loss or damage to her automobile if caused, while the policy was in force, "by accidental collision with any other automobile, vehicle, or object." The case was tried before the court upon an agreed statement, and judg-

⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment rendered for appellee Mrs. Baker. Appellant has duly appealed and presents the record here for review.

By several assignments and propositions thereunder, and upon various grounds, appellant contends the court erred in admitting in evidence the following letter:

"October 22, 1925.

"Mr. Fenton J. Baker, Baker Hotel, Dallas, Texas—Dear Fenton: Inclosed is American automobile policy No. 1029393, renewing the full coverage insurance on Louise's car for next year.      J. M. Thompson."

[1] By the terms of the policy in this case, the appellant insured appellee's car against loss or damage by: (a) Fire arising from any cause whatever, lightning, perils of transportation, etc.; (b) theft, robbery or pilferage, etc.; and (c) accidental collision with any other automobile, vehicle, or object, etc.. The controversy in the case arises over the meaning of clause (c) above, and the letter above written by the agent accompanying the delivery of the policy was introduced in evidence over appellant's objection, timely made, and especially the phrase, "renewing the full coverage on Louise's car," to show that appellant construed said clause in effect to cover any kind of an injury to said car. But we think the term "full coverage," as used in said letter, was intended to mean only that said policy covered fire, perils of transportation, theft, and pilferage, and collision with another automobile, vehicle or object; in other words, the policy covered all kinds of insurance usually embraced under the above-mentioned heads, and in no way tended to broaden or construe any one of the written clauses of the policy sued upon. Merchants' & Manufacturers' Inter-Insurance Alliance v. Hansen (Tex. Civ. App.) 258 S. W. 257. We think said letter was immaterial and appellant's objection to its introduction should have been sustained. However, as we view the case, this error was harmless.

Under several propositions appellant contends that damage to an automobile caused by the falling of hail on, in, and against the same is not covered by a written policy of insurance, insuring the owner against actual loss or damage to the automobile if caused, according to the terms of the policy, by "accidental collision with any other automobile, vehicle, or object." The agreed statement of facts on which the case was tried showed that Mrs. Baker was the owner of the car at the time it was injured, and that at said time it was covered by a written contract of insurance issued by appellant, which policy provided, in terms, that appellant insured Mrs. Baker "against accidental loss or damage to said car, if caused while the policy was in force, by accidental collision with any other automobile, vehicle, or object"; that said car, while parked on a street in Dallas, was damaged by hail falling on, in, and against

same, to the extent of $236.50. The question here involved is one of law and is simple and clear-cut. Was the damage to the car, caused by hail falling on it, caused by accidental collision with any other automobile, vehicle, or object? Clearly, such damage was not caused by accidental collision with any other automobile, nor with a vehicle. Was such damage caused by accidental collision with an object, within the meaning of said clause? This same clause is frequently used in policies of automobile insurance, and has been so used for many years, but no case has been cited, and we have been unable to find any reported from any court, where it was contended that the falling of hail on a car constituted a collision of said car with an object. Appellee cites and relies upon the case of Wood v. Southern Casualty Co., 270 S. W. 1055, decided by the Beaumont Court of Civil Appeals. In that case the court said:

"We think when the car ran into the rut and came in contact with the banks of same, causing the driver to lose control of the car, and it skidded into an adjacent ditch and turned over, that under the great weight of authority it must be held that the rut was an 'object' and that the car collided with same, as well as collided with the sides and bottom of the ditch into which it ran by reason of the 'collision' with the rut."

In the above case the same clause was involved as is involved here. We can understand how a rut, ditch, embankment, or other bad place in a road might be construed as an object within the meaning of said clause. However, there are decisions from other jurisdictions holding otherwise on similar facts. London Guaranty & Accident Co. v. Sowards, 2 D. L. R. page 495; Ploe v. International Indemnity Co., 128 Wash. 480, 223 P. 327, 35 A. L. R. 999. A policy containing the same clause involved here came before the Beaumont Court of Civil Appeals, in the case of O'Leary v. St. Paul Fire & Marine Ins. Co., 196 S. W. 575, in which case the car was in a garage and the second floor of the garage fell upon and damaged the car. In this case, the court said:

"Surely it cannot be said that it was the intention of the parties, as ascertained from the terms of the policy, that the word 'collision' was broad enough to cover such damage as occurred in the instant case, and that appellee would be called upon to pay a loss caused by the falling of a building upon the car while the car was being left in the same."

While this case is different in its facts, the principle of law announced is directly in point and sustains the contention of appellant in this case. It is true the case of Universal Service Co. v. American Insurance Co. of Newark, New Jersey, 213 Mich. 523, 181 N. W. 1007, 14 L. R. A. 183, seems to be contrary to the holding by the Beaumont court in the O'Leary Case, but we think the two cases are distinguishable; but if they were not, in the

absence of other authorities, we think we should follow the appellate decisions of our own state. We might say, further, all the citations by appellant from Blashfield's Cyclopedia of Automobile Law are from the case in 213 Mich. 523, 181 N. W. 1007, 14 L. R. A. 183, cited above.

As to the meaning that should be given to the language of an insurance contract, 32 C. J. pp. 1150, 1151, § 261, says:

"The words employed in a contract of insurance are to be taken and understood in their ordinary, usual and popular sense, rather than according to the meaning given them by lexicographers or persons skilled in the niceties of language, unless it appears from the four corners of the instrument that both parties intended they should be understood in a different sense, or unless it appears that a generally established usage of trade or business in respect to the subject-matter, the words have acquired a peculiar sense."

See, also, Bell v. American Insurance Co., 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179. Again, the same authority says:

"Contracts of insurance should be given a fair, reasonable and sensible construction, such as, it is to be assumed, intelligent business men would give it, rather than a strained, forced, unnatural, unreasonable, or strict, technical interpretation, or one which would lead to an absurd conclusion, or render the policy nonsensical." 32 C. J. pp. 1151, 1152; Bell v. American Ins. Co., 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179; Brown v. Union Indemnity Co., 159 La. 641, 105 So. 918; Great Eastern Casualty Co. v. Solinsky, 150 Tenn. 206, 263 S. W. 71, 35 A. L. R. 1007.

[2] As above stated, appellee's car was insured against loss or damage by "accidental collision with any other automobile, vehicle or object." We think the ordinary, natural, reasonable, and fair construction of the term "accidental collision with an object," as here used, should be construed to mean contact with some object such as a tree, stump, rock, fence, embankment, or other obstruction, or that some object, such as a train, street car, cow, horse, or other object or animal collided with the car. Of course, in some instances, there might be a collision while the car is standing still, as in case it is run into by a train, street car, some animal, etc.; but to say that the car was in collision with a rain, sleet, snow, or hail is to make a novel and unusual application of the word "collision." The clause here involved, as above stated, is not a new or unusual one, but this identical clause has been used in policies covering collision insurance on automobiles for a great many years, and such use of the term is so unusual, and such a strained construction of said term, that neither counsel nor this court has been able to find a reported case from any jurisdiction, either state or federal, in which the contention was made that hail, sleet, rain or snow falling on a car was a collision with an object. Evidently there are, and have been for many years, thousands upon thousands of cars in this country covered by policies containing this identical clause, yet no case involving the question here is reported from any court. Obviously, the reason is either that no other car was ever injured under similar circumstances, or it has not been supposed hitherto that the insurance of automobiles against damages caused by "accidental collision with any other automobile, vehicle or object" included injuries sustained by a car by reason of hail. We do not speak of falling bodies, such as sleet or hail, as colliding with the earth. In common parlance, the apple falls to the ground; it does not collide with the earth. So with all falling bodies, especially where the fall is purely the result of the laws of nature, such as snow, rain, sleet, and hail. We speak of the descent of such bodies as a fall to the earth, not a collision with it. In the usual and popular understanding of the term, a collision does not result, we think, from the force of gravity alone, especially when unaided by any human agency contributing thereto. For definition of "accidental collision" as used in its legal sense in insurance law, see Newton Creek Towing Co. v. Ætna Ins. Co., 163 N. Y. 114, 57 N. E. 302; London Assurance Co. v. Companhia De Moagens Do Barreiro, 167 U. S. 149, 17 S. Ct. 785, 42 L. Ed. 113; Cline v. Western Assurance Co., 101 Va. 496, 44 S. E. 700; Harris v. American Casualty Co., 83 N. J. Law, 641, 85 A. 194, 44 L. R. A. (N. S.) 70, Ann. Cas. 1914B, 846; Stuht v. U. S. Fidelity & Guar. Co., 89 Wash. 93, 154 P. 137; Graham v. Insurance Co., 220 Mass. 230, 107 N. E. 915.

[3-5] Of course, insurance contracts are to be construed most strongly against the insurer, because such contracts are prepared by the insurer, yet they are subject to the same rules of construction applied to the language of any other contract. It is a fundamental rule, we think, not only in this state, but in all the state and federal courts, that in construing a contract, its language is to be accorded its popular and usual significance, and it is not permissible to impute an unusual meaning to language used in a contract of insurance, any more that to the language of any other contract, unless it be shown by evidence that the language used has acquired by custom or otherwise a peculiar meaning distinct from the popular sense of such terms. Otherwise, by giving the language of the contract an unusual or strained construction, the court assumes to modify the contract made by the parties by enlarging or diminishing the scope of the contract actually made. Insurance against damage by hail is a class of insurance, we think, separate and distinct from insurance on an automobile against damage resulting from collision, and such damage as was done appellee's car by hail falling on it, was not in contemplation of the parties, and

could not have been at the time of the execution of the contract upon which this suit is based. We think neither the "object" nor "collision" disclosed here was such object or collision as contemplated by the contract, and to construe the clause of the contract here involved as contended for by appellee would require us to adopt a new, novel, and unusual meaning of the term "accidental collision," which this court is not at liberty to do under the facts of this case.

We reverse the judgment of the trial court and here render judgment for appellant.