### GREAT AMERICAN INSURANCE COMPANY, Appellant,

v.

### J. H. LANE, Appellee.

No. 16645.

Court of Civil Appeals of Texas.

Dallas.

Dec. 31, 1965.

Rehearing Denied Jan. 28, 1966.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Robert K. Drummond and John H. Marks, Jr., Dallas, for appellant.

Cervin & Stanford and V. Scott Kneese, Dallas, for appellee.

DIXON, Chief Justice.

Appellee J. H. Lane brought this suit against appellant Great American Insurance Company on an automobile insurance policy whereby appellant insured appellee against damage to appellee's truck caused by collision or upset.

Both parties filed motions for summary judgment. Appellant's motion was overruled. Appellee's motion was sustained. Judgment was rendered for appellee for $1,018.

It was stipulated that (1) the damage to appellee's vehicle resulted when a falling object, to-wit: a dragline bucket fell upon appellee's vehicle; (2) appellee had purchased collision coverage,[1] but had not

---

[1] "Coverage E—Collision or Upset. To pay for direct and accidental loss or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

purchased comprehensive coverage,[2] although it was available; (3) the sole question in dispute in this proceeding is: "Whether or not the policy of insurance issued by the Defendant insured Plaintiff against a loss to his truck as the result of a falling object,: towit a drag line bucket falling on said truck while said truck was being loaded."; (4) in the event the court finds that the policy of insurance did insure appellee against such loss, appellee is entitled to judgment in the amount of $1,018; and (5) otherwise appellant is entitled to judgment that appellee take nothing. A copy of the insurance policy is attached to the stipulations.

In an affidavit in support of his motion for summary judgment appellee Lane swore that in June 1964 he was employed to haul dirt from an excavation to the site of road construction on Highway 69. On July 6, 1964 one of appellee's regularly employed drivers drove the truck here involved under a dragline being operated by one of the two contractors who had engaged appellee to do the hauling. The dragline had just taken about three yards of dirt into the bucket and was swinging over to unload the dirt into the truck when the dragline bucket came into collision with the truck, causing damage to the vehicle.

In its sworn answer to appellee's affidavit appellant alleged that appellee's loss was caused by "a falling object" and is not covered under the policy purchased by appellee, who purchased only collision coverage. Appellant attached a copy of a written statement made by appellee, in which statement appellee said that "a clevis broke on the drag line and dropped about 3½ yards of dirt and the bucket onto the bed of the truck * * *."

In short, the stipulations and the affidavits make it clear that the bucket was a part of a piece of machinery which was being used to load dirt into appellee's truck; and that the bucket, while being swung into position over the truck, became detached from the rest of the machinery when the clevis broke and the bucket dropped upon the truck.

In its one point on appeal appellant asserts that the policy of insurance issued to plaintiff does not, by its terms, include coverage for damages resulting from "falling objects". In our opinion appellee's loss was caused by a collision within the meaning of "Coverage E" of the policy, therefore appellee is entitled to judgment in his favor.

In Providence Washington Insurance Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379 our Supreme Court held that a loss caused by flood water striking an automobile was a collision within the terms of a policy similar to the one under consideration here. In that case, as in this case, the insured had purchased collision coverage, but had not purchased comprehensive coverage, though the latter was available to him.

In reaching its decision the Supreme Court quoted with approval a portion of the opinion in Long v. Royal Ins. Co., 180 Wash. 360, 40 P.2d 132, 133, 105 A.L.R. 1423 which in turn quoted the definition of collision as stated in the Century Dictionary and Encyclopedia: "The meeting and mutual striking or clashing of two or more moving bodies, or of a moving body with a stationary one."

The court's approval of the above dictionary definition is in keeping with that part of the opinion in American Automobile Ins. Co. v. Baker, Tex.Civ.App., 5 S.W.2d

2. "Coverage D—Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset. To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

252 wherein it was held the court in construing a policy determines the everyday meaning of the words to the general public; and with that part of the opinion in United States Ins. Co. of Waco v. Boyer, 153 Tex. 415, 269 S.W.2d 340, 341, in which it is stated that the court in construing a policy form prescribed by a State Insurance Commission "determines the everyday meaning of the words to the general public the meaning of the words 'in common parlance'—'the usual and popular understanding of the term.'" See also Iowa Mutual Ins. Co. v. Faulkner, 157 Tex. 183, 300 S.W. 2d 639, 642. Applying that construction here we are of the opinion that the impact between appellee's automobile and the falling bucket must be termed a collision.

Our Supreme Court in the Proffitt case construed this language in the comprehensive provision: "Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss by collision or upset." The court held that the purpose of the above quoted provision, which is almost exactly like the one in the instant policy, was to enlarge the liability of the insurer under the comprehensive coverage and was not to restrict the liability of the insurer under the collision coverage.

The language of Coverage D—the comprehensive provision in the present policy—seems to a majority of this court susceptible only of the interpretation which our Supreme Court has put upon the similar provision in the Proffitt case. It expressly excepts collision from comprehensive coverage. Then Coverage D quickly goes on to explain by saying "Breakage of glass, * * * falling objects * * *" and the other named perils "shall not be deemed loss caused by collision * * *"—thus in a negative way saying that the named perils are not within the named exception: collision. If they are not within the named exception, collision, then they must be by implication included in the comprehensive coverage. It is an awkward, negative way

of saying by implication that the comprehensive provision includes "Breakage of glass * * * falling objects * * *", etc. It would have been much simpler to say that collision is excluded from comprehensive coverage but loss from "Breakage of glass * * * falling objects * * *", etc. is included in comprehensive coverage.

However, if we say that the effect of the language above referred to is to include falling objects within comprehensive coverage we do not thereby mean to say that loss from falling objects is excluded from collision coverage. We know of no rule which says that if a peril is included in one coverage it is necessarily excluded from another. In the policy construed in United States Ins. Co. of Waco v. Boyer, 153 Tex. 415, 269 S.W.2d 340, 342, a case heavily relied on by appellant, there were two separate and distinct provisions—Coverage H and Coverage I—each of which included windstorm coverage. If the same coverage can be included in two separate provisions by the express statements in a policy we believe the same thing can be accomplished by implication.

The court, following Glens Falls Ins. Co. v. McCown, 149 Tex. 587, 236 S.W.2d 108, 111, did hold in the Proffitt case that though the insured had not purchased comprehensive coverage, that provision might be examined for the purpose of determining the respective obligations and rights of the parties. *But the court then held that the provision in the comprehensive coverage that loss caused by falling objects shall not be deemed loss by collision "cannot be used to defeat a recovery under" the provision in the policy specifying coverage for collision.* (Emphasis of quoted part supplied.)

Recently the Supreme Court reaffirmed its holding in the Proffitt case by saying, "We made clear in Providence Washington Insurance Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379, that *a limitation of liability will not be added where none exists in the policy itself.*" (Emphasis supplied.) Con-

tinental Casualty Co. v. Street, Tex., 379 S.W.2d 648, 650. We have examined the policy itself in this case and find no limitation whereby a collision with a falling object is excluded from the collision coverage. Paragraphs "l" and "n" under the heading "Exclusions" specifically name the coverages which are excluded from the collision coverage. Loss due to falling objects is not excluded; and under the holding in the Proffitt and Street cases such limitation of liability cannot be added where none exists in the policy itself.

We have found no cases exactly in point. The one nearest in point is from another jurisdiction and is persuasive. In Barnard v. Houston Fire & Casualty Ins. Co., La. App., 81 So.2d 132, 54 A.L.R.2d 374, the court was faced with a situation similar in many respects to that facing us here. The insured had purchased collision coverage, but not comprehensive coverage. A tree fell on the insured's truck after being cut down by workmen. The question before the court was whether the insured's loss was caused by collision within the collision coverage of the policy, or by a falling object solely within the comprehensive coverage of the policy. The collision and comprehensive provisions of the policy were almost exactly like the provisions in the policy now before us. In a carefully considered opinion the Court of Appeals of Louisiana decided that the damage was due to a collision and the insured was afforded coverage under that provision of the policy.

The position of appellant in this case is that only the comprehensive provision of the policy includes loss from falling objects; and appellee, having been presented with a choice of the coverages available to him, elected not to take out comprehensive coverage, thus choosing not to purchase coverage against loss by falling objects. In support of this contention appellant relies mainly on the holding of our Supreme Court in United States Ins. Co. of Waco v. Boyer, 153 Tex. 415, 269 S.W. 2d 340.

We do not believe that the Boyer case is in conflict with the Proffitt case or with our holding in this case. In fact the Boyer case refers to and "specifically reaffirmed" the Proffitt case. In Boyer the loss was unquestionably caused by windstorm. Loss by windstorm was expressly, specifically and separately named as a type of coverage in two different provisions of the policy. By thus segregating and defining windstorm loss the Insurance Commission intended, according to the Boyer opinion, to give the public a choice in purchasing insurance.

In the instant case loss by falling objects is not named as a specific, separate, segregated type of coverage, and as we have pointed out it is not named in the exclusions applicable to the collision coverage. This fact becomes important in view of the utterance of the Supreme Court in the Street case reaffirming its holding in the Proffitt case and expressly stating that a limitation will not be added where none exists in the policy.

Appellant also cites these cases: American Automobile Ins. Co. v. Baker, Tex.Civ. App., 5 S.W.2d 252 (No writ history) in which it was held that collision coverage did not include damage from hail; O'Leary v. St. Paul Fire & Marine Ins. Co., Tex.Civ. App., 196 S.W. 575, in which it was held that damage caused by the collapse of a building due to a severe storm was not a collision within the meaning of a policy of insurance; and Iowa Mutual Ins. Co. v. Faulkner, 157 Tex. 183, 300 S.W.2d 639, 641, in which our Supreme Court held that a policy insuring coverage against burglary of a safe did not cover loss by theft of money from an unlocked cash register and file. We think the above cases are distinguishable from the case now before us. In any event, the Proffitt case was decided by our Supreme Court later than the Baker and O'Leary cases and had the effect of overruling any of the holdings in them which may have been in conflict with the holdings in the Proffitt case. Though the Faulkner case is not in point with this case,

it contains some pronouncements which add strength to our holding here.

Appellant's one point on appeal is overruled.

The judgment of the trial court is affirmed.

Affirmed.

BATEMAN, Justice.

I respectfully dissent.

The opinion of the majority is based primarily upon that portion of the opinion in Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379, wherein it was held that the provision in the Comprehensive Clause, that loss caused by falling objects, etc. shall not be deemed loss caused by collision or upset, cannot be used to defeat a recovery under the Collision Clause.

However, in the preceding paragraph of the Proffitt opinion the court held that it was proper to examine the language of the Comprehensive Clause for the purpose of determining the respective obligations and rights of the parties to the policy. In examining that language for that purpose, I cannot close my eyes to, or remove from my mind, the plain, uncomplicated, direct statement that "loss caused by * * * falling objects * * * shall not be deemed loss caused by collision or upset." I do not see how we can properly hold that this language means what it plainly says for the limited purpose of expanding the protection under Coverage D (Comprehensive), but that it is meaningless when considered for any other purpose. As said by a Court of Appeals of Louisiana, in Manard Molasses Co. v. Sun Ins. Office, Ltd., 170 So.2d 691, 693, it would be "contradictory and illogical to judicially hold that the definition of 'collision' and 'upset' has one interpretation in one policy excluding such coverage, and another definition in a policy including such coverage."

It seems to me that the insurer is in effect saying to the insured: "You have requested collision and upset coverage, but you should know that in rejecting comprehensive coverage, which is also available, you are denying yourself protection against loss from falling objects, for that protection is not included in collision or upset coverage— only in the comprehensive coverage." Having limited his purchase of insurance protection to "collision or upset" coverage despite that warning, the appellee is in no position to claim now that under the dictionary definition of the word "collision" he is nevertheless entitled to recover.

As pointed out by Mr. Justice Brewster in Glens Falls Ins. Co. v. McCown, 149 Tex. 587, 236 S.W.2d 108, 111, by using the form prescribed by the Insurance Commission the insurer offers the insured several separate and distinct coverages and informs him that he has accepted only those which are followed by specific premium charges and has rejected the others because they are not followed by specific premium charges, and that by retaining the policy the insured accepts the insurer's offer. The opinion then says:

"The coverages offered but rejected are in the policy (under the direction of the Insurance Commission) the same as are those offered and accepted, therefore it is proper to consider all of them in determining the respective obligations and rights of the parties to the policy. Only on that basis can our public policy in prescribing uniform policies be served."

Other cases holding that it is proper for the court to examine the language of an insuring clause in the policy, which does not have a premium set opposite it and is therefore rejected, to determine the intent of the parties to the insurance contract, are Iowa Mutual Ins. Co. v. Faulkner, 157 Tex. 183, 300 S.W.2d 639, 642, wherein the Supreme Court, speaking through Mr. Justice Culver, said: "It is proper to consider cov-

erages in the policy that have been rejected by the insured as an aid in ascertaining the extent of the coverage purchased," and United States Ins. Co. of Waco v. Boyer, 153 Tex. 415, 269 S.W.2d 340, decided three years after the Proffitt case, holding that in construing such a policy the court should determine the everyday meaning of the words to the general public, followed by an examination of the choice of insurance coverages made available to the purchaser, the choice he made and the choices, if any, he rejected.

In my opinion, the loss here was not covered by the policy sued on because such a loss was not contemplated by either party to the contract, using the word "collision" in the usual everyday parlance of the public generally in speaking of automobile insurance coverages. A contrary holding would be in conflict with the Supreme Court's opinion in United States Ins. Co. of Waco v. Boyer, supra, holding that a similar policy did not cover damage to a parked vehicle when bricks and timbers fell from a building damaged by a tornado; and the opinion of the Beaumont Court of Civil Appeals in O'Leary v. St. Paul Fire & Marine Ins. Co., Tex.Civ.App., 196 S.W. 575, no wr. hist., holding that the second floor of a collapsed garage building falling upon the insured automobile was not covered by a policy insuring against loss by "collision"; and that of the Waco Court of Civil Appeals in American Automobile Ins. Co. v. Baker, Tex.Civ.App., 5 S.W.2d 252, no wr. hist., holding that the falling of hail on the automobile was not a collision as contemplated by a similar insurance policy.

Speaking of the common, ordinary, everyday use of the word in question, I do not believe that one out of a hundred laymen who might have witnessed the accident giving rise to this litigation would have used the word "collision" in describing it. In my opinion, most if not all of them would say that the bucket fell on the truck or that the damage to the truck was caused by the bucket falling on it. The poet might say that the apple descended from the tree and collided with Mother Earth, but the man in the street would say that the apple was ripe and fell to the ground.

I would reverse and render the judgment.