**Affirmed and Memorandum Opinion filed May 26, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00264-CV

### JOHN-HENRY AYANBADEJO, Appellant

### V.

### CHANEL GOOSBY AND ALLSTATE FIRE & CASUALTY INSURANCE CO., Appellees

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-18186**

## MEMORANDUM OPINION[1]

In this appeal, plaintiff-appellant Ayanbadejo challenges the trial court's summary judgment dismissal of his lawsuit based on allegations of an unauthorized withdrawal and alleged failure to pay a covered claim following his collision with a deer. Ayanbadejo requests that we reverse and render a judgment that awards him $7,020,000, awards an unidentified class to which appellant

---

[1] Justice Spain concurs without opinion.

alleges membership $1,500,000,000, attorneys' fees, transfer to a different judge or court, and transfer to another court contingent upon this court finding that this court lacks jurisdiction. Though we are reluctant to conclude what among this pallet of remedies conceived by appellant would actually be available to us were we to reverse, we need not investigate that matter today. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Allegedly lured by the prospect of "being in good hands", in 2014, Ayanbadejo changed his auto insurance provider from Farmers to Allstate.

Ayanbadejo's claims are based on two events. First, Allstate mistakenly withdrew approximately $500 from Ayanbadejo's Wells Fargo Bank account without Ayanbadejo's consent. When told about the improper withdrawal, Allstate credited Ayanbadejo's account. Ayanbadejo, however, claims that this withdrawl adversely affected his credit. Second, while driving his car, Ayanbadejo hit a deer. Allstate refused to pay Ayanbadejo for his personal injury damages or his claim for a rental car.

On March 12, 2019, Ayanbadejo filed suit against Allstate and its adjuster Goosby. His live amended petition asserts nine causes of action:

1. Reformation of Contract,
2. Promissory Estoppel,
3. Bad Faith,
4. Equitable Relief,
5. Deceptive Insurance Practices,
6. DTPA,
7. Theft Liability Act,
8. Late Payment of Claims, and
9. Conversion

The lawsuit seeks various damages including those related to the personal injury compensation and damages flowing from the unauthorized withdrawal.

Allstate and Goosby moved for summary judgment on all claims and requested dismissal of the entire case on several grounds: first asserting that Ayanbadejo's DTPA, Theft Liability Act, and conversion claims were time barred; second, that the breach of contract claim was not meritorious because Allstate had paid Ayanbadejo for all the damages that were covered under his policy and other compensation sought was not covered; and finally that, and that other claims were barred under the independent injury rule. Allstate and Goosby attached evidence in support of their motion. Ayanbadejo did not object to any of this evidence or file a special exceptions to the summary-judgment motion.

Ayanbadejo filed a response and separately filed an appendix of exhibits. In the appendix he included an affidavit that operated as a verification to facts stated in his response, but did not otherwise set out any other sworn statements. In their reply, Allstate and Goosby lodged various objections to Ayanbadejo's summary-judgment evidence, including their objection that Ayanbadejo failed to attach most of his summary-judgment evidence to his motion.

After a hearing the trial court granted Allstate and Goosby's motion after consideration of "admissible evidence". The summary judgment, final for our purposes states, "All relief requested in this case and not expressly granted is hereby denied. All costs of court are hereby taxed against party incurring same. This judgement is final as to all parties and all claims and is appealable". *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2002).

## II. ISSUES AND ANALYSIS

Ayanbadejo's arguments on appeal, like those in many of his filings in the

3

trial court, which affront reality, logic and convention, are scattershot free-flowing accusations and ideas, that should be supported by the law or the record, but frequently are not. To the extent Ayanbadejo's brief raises new arguments or new claims for the first time on appeal, we decline to entertain them. Ayanbadejo's brief is successful in conveying to this court that he challenges the trial court's summary-judgment ruling dismissing his claims.

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). Courts review the record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). A defendant moving for summary judgment must either (i) conclusively negate at least one element of the plaintiff's theory of recovery or (ii) plead and conclusively establish each element of an affirmative defense. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); Tex. R. Civ. P. 166a(c). In this case, Allstate and Goosby's summary-judgment motion pursued dismissal under both avenues.

"Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). Where, as here, a trial court's order granting summary judgment does not specify the ground relied on for its ruling, we must affirm if any of the summary-judgment grounds advanced is meritorious. *Dealer Computer Servs., Inc. v. DCT Hollister Rd, LLC*, 574 S.W.3d 610, 615 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Additionally, we must affirm if the appellant fails to challenge all grounds on which summary judgment may have been granted. *Id*. (citing *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970)); *see McCrary v. Hightower*, 513

S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

**Did the trial court err in dismissing Ayanbadejo's DTPA, Theft Liability Act, and conversion claims based on the applicable statute of limitations running from the timing of the unauthorized withdraw?**

In the factual recitation of Ayanbadejo's live pleadings he alleges that Allstate withdrew close to $500.00 from his Wells Fargo bank account to pay another customer's coverage. This allegation forms the basis of claims he asserts under the Deceptive Trade Practices Act, for violations of the Theft Liability Act, and for conversion. Allstate and Goosby's summary-judgment motion sought to dismiss these claims as time barred.

All three of the causes of action have 2-year statute of limitations periods. Section 17.565 of the Texas Business and Commerce Code provides for a two-year statute of limitations for the DTPA claims. Section 16.003(a) of Texas Civil Practice and Remedies Code sets the limitations periods for Ayanbadejo's conversion claim and his claims under the Texas Theft Liability Act. *See Gonyea v. Scott*, 541 S.W.3d 238, 248 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)(applying the 2-year limitation provision under 16.003(a) in the absence of a provision within the text of the Act).

Despite Ayanbadejo's array of arguments on appeal, he has bypassed Allstate and Goosby's statute of limitations argument, making no mention of this basis asserted for summary judgment. See Tex. R. App. P. 33.1. Even if he had not waived his arguments in response to the statute of limitations, we consider the merits of this ground as a basis for the trial court's dismissal of these claims.

A defendant moving for summary judgment on the affirmative defense of limitations bears the burden of conclusively establishing the elements of that defense. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018)

5

(per curiam). This burden includes conclusively establishing when the claim accrued. *Id*. at 833-34.

Allstate and Goosby overcame this burden. Their live answer pleaded the statute of limitations defense. Conversely Ayanbadejo's live pleading did not indicate when the alleged withdrawal occurred or pleaded the discovery rule. Allstate and Goosby's summary-judgment evidence included Ayanbadejo's responses to discovery requests concerning dates and amounts of improper withdrawals made by Allstate from his Wells Fargo account. Ayanbadejo produced a bank statement from September of 2015, and stated in his interrogatory response that Allstate withdrew money from the Ayanbadejo's account on September 29, 2015. The evidence was not contested. Ayanbadejo produced no summary-judgment evidence indicating that the withdrawal occurred on any other date. Rather, Ayanbadejo testified in his deposition that he learned of the withdraw immediately through an email. In his summary-judgment response, Ayanbadejo proposed that the period did not begin to run until he knew that the withdrawal affected his credit rating. But unless an accrual date is prescribed by statute, a cause of action accrues when a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 721 (Tex. 2016).

Because Ayanbadejo failed to create a fact issue that he discovered that the withdrawal occurred within two years of filing suit in 2019, the trial court did not err in concluding that Ayanbadejo's claims under the DTPA, the Theft Liability Act, and conversion were barred by the statute of limitations.

**Did the trial court err in dismissing Ayanbadejo's claims based on a grounds that Allstate had no duty to pay personal injury coverage claims, that it**

**properly paid property coverage claims, and that Ayanbadejo raised no fact issue on any independent duty claim?**

In the factual recitation of Ayanbadejo's live pleadings he alleges that Allstate failed to pay for personal injury losses associated with his March 13, 2017 collision with a deer, ("personal injury coverage claims"). The pleadings similarly allege facts that Allstate also either failed to pay or delayed payment of coverage relating to the towing, repairs, and rental (for the duration of the repairs) resulting from the March 13, 2017 deer collision, ("property coverage claims"). Both the personal injury coverage claims and property coverage claims form the basis of Ayanbadejo's causes of action for breach of contract, and related claims for promissory estoppel, bad faith, and for violations of the Insurance Code.

In their summary-judgment motion, Allstate and Goosby set out to challenge the personal injury coverage claims by alleging and proving that Allstate had no contractual duty to pay personal injury claims, and that it properly paid property coverage claims. Based on the insurance policy, the affidavits and Ayanbadejo's deposition testimony, the uncontested summary-judgment record shows that at the time of the March 13, 2017 deer collision, Ayanbadejo's policy included coverage for liability, property damage (including towing and rental cost), Uninsured/Underinsured Motorist Coverage, but not coverage for Personal Injury Protection or Medical Pay.

Ayanbadejo's personal injury coverage claims are based on his theory that they are covered under his Uninsured/Underinsured Motorist Coverage. He makes the novel argument that a deer is analogous to an uninsured motorist, relying on a 96-year-old case out of the Waco Court of Civil Appeals not involving an uninsured motorist policy. *Am. Auto. Ins. Co. v. Baker*, 5 S.W.2d 252 (Tex. Civ. App. 1928)(reasoning that an animal could be an "object" under the terms of the

policy and determined that vehicle's property damage should therefore be covered). We consider the text of the insurance agreement to determine whether the uninsured/underinsured motorist policy in this case lends coverage for the deer collision.

In doing so we interpret the insurance policy under the same rules of construction that apply to any other contract, reading all parts of the policy together and viewing the policy in its entirety to give effect to the written expression of the parties' intent. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 740–41 (Tex. 1998). Applying the ordinary rules of contract construction to insurance policies, the reviewing court ascertains the parties' intent by looking only to the four corners of the policy to see what is actually stated and does not consider what allegedly was meant. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex. 2006); *Williams Consolidated I, Ltd./BSI Holdings, Inc. v. TIG Ins. Co.*, 230 S.W.3d 895, 902 (Tex. App.–Houston [14th Dist.] 2007, no pet). We examine the entire insurance policy, read all of its parts together, and seek to give effect to all of its provisions so that none will be meaningless. *See Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010).

Having reviewed the policy under these principles, we hold that the Uninsured/Underinsured Motorist Coverage provision is not ambiguous, and in this case does not cover the deer collision. The crucial distinction is that the policy only provides coverage when Ayanbadejo would otherwise be entitled to recover from "the owner or operator of an uninsured motor vehicle." Ayanbadejo provided no proof to suggest any owner or operator of an uninsured motor vehicle was associated with the deer. Additionally, Ayanbadejo provided no proof to indicate that Allstate was otherwise obligated to pay under any other cause of action he asserted for his personal injury claim damages "independent from the loss of the

8

benefits." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495, 499-500 (Tex. 2018) ("general rule" is that "an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy.").

Allstate also provided summary-judgment evidence that it had performed its duty to pay property coverage claims, paying for 31 days of rental costs, paying for repairs, and paying for towing fees. Though Ayanbadejo verified facts in his motion, he failed to provide competent summary judgment evidence that created a fact issue that he was entitled to receive benefits for a breach of insurance contract or for his remaining causes of action (for refused or delayed payment) he asserted for the recovery of his property claim damages. *Id.*; *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)(verified pleadings, motions and responses are not competent summary judgment evidence).

Ayanbadejo also failed to raise a fact issue showing that he suffered any independent injury. To establish "injury independent of the policy claim," however, Ayanbadejo must show his "damages are truly independent of [his] right to receive policy benefits." *Menchaca*, 545 S.W.3d at 500. But the only damages claimed by Ayanbadejo are predicated on Allstate's obligation to pay them under the auto-policy. Ayanbadejo's theory of damages is that if Allstate had, for example, followed the Insurance Code, it would have paid Ayanbadejo more, or more promptly, in towing and rental benefits than it did. *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 872–75 (Tex. 2021).

The trial court did not err in concluding that Ayanbadejo failed to raise a fact issue with respect to his personal injury coverage claims or property coverage claims such that Allstate and Goosby were entitled to summary judgment as a

9

matter of law. We therefore overrule any complaint Ayanbadejo asserts on appeal as to this ground asserted in the summary-judgment motion which addresses the remaining claims.

## III. CONCLUSION

Having overruled all issues properly raised and preserved for our review, Ayanbadejo's we affirm the trial court's final summary judgment.


/s/     Randy Wilson
        Justice

Panel consists of Justices Jewell, Spain and Wilson (Spain, J. concurs without opinion).