## W. R. Schussler, Appellee, v. Fort Dearborn Casualty Underwriters, Appellant.

### Gen. No. 27,913.

1. INSURANCE—*striking ridge of earth alongside of roadway as "collision."* Insurance against loss by damage to an automobile by "collision" with any object, moving or stationary, includes loss sustained by damage to the automobile when it skidded while going down hill and struck a ridge of gravel, sand and clay about twelve inches high alongside the roadway but not in the beaten wheel path, thereby causing a wheel to collapse and overturn the car.

2. APPEAL AND ERROR—*presumption on incomplete record in favor of sufficiency of evidence.* On appeal, the Appellate Court will assume that the proof submitted to the trial court was sufficient to support the judgment where the record fails to show that it contains all the evidence.

Appeal by defendant from the Municipal Court of Chicago; the Hon. A. E. TRACEY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed October 17, 1923.

HOLLYWOOD & TATE, for appellant; MURPHY O. TATE, of counsel.

ARNE B. HUMMELAND, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On September 10, 1921, the plaintiff, Schussler, took out a policy of insurance on his automobile in the defendant company, which contained the following provision: "Item 3. Against loss by damage to any of the above automobiles by collision with any object, moving or stationary."

In the afternoon of January 1, 1922, the automobile, while being driven by the plaintiff, "skidded going down hill one mile north of Orland swerving first to one side then to the other until right-hind wheel struck a ridge on the side of road which caused car to turn over in the road causing the damage." Owing to that collision, on April 5, 1922, the plaintiff brought suit for damages against the defendant insurance company. The cause was tried without a jury, and evidence was introduced of the facts as set forth above together with the insurance policy and a report of the accident and the testimony of the plaintiff. His testimony, which was not denied as he was the only witness called, is as follows: "That while driving his car in the winter time along a country road his car skidded and struck against a ridge of gravel, sand and clay alongside of the roadway and not in the beaten path of the roadway which was twelve inches high; thereby breaking one of the wheels of his automobile and causing same to upset or tip over in the roadway."

The court found the issues for the plaintiff and assessed his damages in the sum of $301.50, "holding that the automobile collided with an object artificially created within the meaning of said policy." This appeal is from that judgment.

The question arises whether the damage was caused "by collision with any object, moving or stationary." The plaintiff testified that while driving his car it skidded and "struck against a ledge of gravel, sand and clay alongside of the roadway and not in the

beaten path of the roadway which was twelve inches high.''

When an automobile while being driven strikes a ledge which is alongside of the roadway, though not in the beaten path, which ledge is twelve inches high, obviously there is a collision.

Counsel have cited a number of cases such as *Bell v. American Ins. Co.*, 173 Wis. 533, 181 N. W. 733, in which the meaning of the word "collision" has been considered. But an examination of the authorities discloses that in every such case some question arose as to whether or not there was an "object" which was struck by the automobile, and, also, as to the manner of striking. In the instant case, admittedly, there was an object, which was twelve inches above the surface of the roadway, which was actually collided with.

In *Hardenbergh v. Employers' Liability Assur. Corp., Ltd.*, 80 N. Y. Misc. 522, 141 N. Y. Supp. 502, where the evidence showed that the automobile in question skidded off the roadway and into a ditch and that the driver then tried to drive back on and the right-hand front wheel collapsed and the machine tipped over and was damaged, the court said that under those circumstances a collision was not proven. Likewise, in *Stuht v. United States Fidelity & Guaranty Co.*, 89 Wash. 93, 154 Pac. 137, where the evidence disclosed that there was no immediate collision with any object, but the automobile simply was driven over the bank of the roadway, the court held there was no liability. In *Gibson v. Georgia Life Ins. Co.*, 17 Ga. App. 43, 86 S. E. 335, where the policy excluded liability for damage "caused by striking any portion of the roadbed or any impediment consequent upon the condition thereof,'' the court held that the curbing of the street was a portion of the street, and came within the conception of the policy, and excluded liability for a collision with it. However, in *Lepman v. Employers' Liability Assur. Corp., Ltd., of London,*

170 Ill. App. 379, where the evidence disclosed that the automobile was injured by colliding with a "brick, stone or other solid substance," the court held that there was sufficient evidence of a collision to justify recovery on the policy.

Inasmuch, therefore, as the uncontroverted evidence shows that the automobile struck a ledge twelve inches high and by reason thereof was injured and damaged, it is our judgment that that constituted such collision as was contemplated by the parties when they entered into the insurance contract in question.

Further, as the record fails to show that it contains all the evidence, we are bound to assume that the proof that was submitted to the trial court was sufficient to support the judgment.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*

O'CONNOR, J. and THOMSON, J. specially concurring.

We concur in the decision of this case on the ground last referred to in the foregoing opinion, namely, the record fails to show that it contains all the evidence. We are bound to assume, therefore, that the proof submitted was sufficient to support the judgment.