## S. T. Orr, Appellee, v. Farmers Automobile Insurance Association, Pekin, Illinois, Appellant.

### Gen. No. 8,000.

INSURANCE—*impact of automobile wheels with shoulder of concrete highway as collision within terms of policy.* Where an automobile steering wheel was broken as the result of the impact of the front wheels against the shoulder of a concrete highway while the driver was turning back upon the highway after inadvertently driving off the edge while meeting another car, such damage was one covered by a policy insuring against "actual loss or damage * * * caused by collision with any object, movable or immovable."

Appeal by defendant from the Circuit Court of Tazewell county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed July 1, 1926. Rehearing denied October 28, 1926.

R. L. RUSSELL, RALPH DEMPSEY and P. A. D'ARCY, for appellant.

J. M. POWERS, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellee was a member of the Farmers Automobile Insurance Association of Pekin and on August 11, 1923, purchased an automobile and two days thereafter

136     APPELLATE COURTS OF ILLINOIS.

Orr v. Farmers Auto. Ins. Ass'n, Pekin, Ill., 242 Ill. App. 135.

obtained a policy of insurance from appellant against *actual loss or damage,* including operating equipment, but excluding damages to tires *caused by collision with any object, movable or immovable,* providing the operator of said car at the time of the accident was not intoxicated and was not operating said car in a negligent manner and also providing said accident was not caused by the wilful act of the owner or done with his knowledge or consent.

On February 19, 1924, appellee was traveling north on the concrete highway south of Henry, Illinois. The territory was deeply covered with snow, except the pavement, where the most of it had been scraped off to the sides where it was piled. Because of the snow the edge of the pavement was not visible and the pavement and dirt embankment seemed level. The collision and the subsequent examination showed that the edge of the concrete pavement was four or five inches higher than the general level of the dirt embankment to the east. It was snowing at the time. On meeting a car, which was approaching from the north, appellee turned to the right, and the right wheels of his car went off the pavement with a jar. The car was equipped with steel disc wheels. When he steered back upon the pavement, the right front wheel collided with the shoulder of the concrete road, hitting it so hard that it broke the steering gear of the new car. The momentum carried the car back on the concrete, but it was uncontrollable. The front wheels were twisted at an angle of about forty-five degrees to the right—as far as they could turn. Because of the collision appellee had no control over the car. The car slid forward about fifty feet, and when the momentum was reduced enough for the front wheels to take a purchase on the highway they threw the car into the ditch, upsetting it. The damages sued for, it was claimed, were caused directly and proximately by the collision with the five-inch concrete shoulder at the side of the traveled road-

way. The car was in good condition prior to the accident and appellee was not intoxicated. The jury has passed upon all questions of fact in the case and the only question remaining is, whether the accident was caused by a collision as contemplated by the terms of said policy. There was a verdict and judgment for appellee and appellant has appealed.

The general rule is that insurance contracts should be construed most strongly against the insurer. *Forest City Ins. Co. v. Hardesty*, 182 Ill. 39; *Terwilliger v. National Masonic Acc. Ass'n*, 197 Ill. 9. There have been rulings in the Appellate Courts of this State applied to the particular facts of each case upon this subject, but we do not find that the Supreme Court has passed upon the question. In *Lepman v. Employers Liability Assur. Corp., Ltd., of London*, 170 Ill. App. 379, it was held that the meaning of the word "collision" was not confined to the meeting of two or more moving bodies. It was further held in that case that the words "collision with" as used in the policy should be construed as striking against, citing *South Chicago City Ry. Co. v. Kinnare*, 216 Ill. 451. In the *Lepman* case the automobile was injured by collision with a "brick, stone or other solid substance," and it was held that the insured could recover under a similar policy.

In *Bromberg v. Fort Dearborn Casualty Underwriters*, 231 Ill. App. 323, it appears that the driver of plaintiff's automobile in turning around on a slippery pavement backed the hind wheels over the edge of the road upon an embankment and down an incline against a water main. It was held plaintiff could recover.

In *Garford Motor Truck Co. v. Miller's Nat. Ins. Co.*, 230 Ill. App. 622, a truck had been driven over a bridge and just beyond the bridge there was "a hole in the road" where the trucks had worn down the pavement. The hole was about ten inches deep and about eighteen inches wide. The bottom surface of the hole was a

"conglomeration of stone, brick and dirt," and plaintiff's truck was injured. It was held that it could not be reasonably said that in going into the hole described by the witnesses the violent jerk of the wheels as the truck reached the far side of the hole, causing the steering wheel to get out of control of the driver, the truck was "in accidental collision with an object." The same court held, however, in *Schussler v. Fort Dearborn Casualty Underwriters*, 230 Ill. App. 581, where the automobile skidded while going down hill and struck a ridge of gravel, sand and clay about twelve inches high alongside the roadway but not in the beaten wheel path, thereby causing a wheel to collapse and overturn the car, that plaintiff could recover.

In *Great American Mut. Indemnity Co. v. Jones*, 111 Ohio St. 84, 144 N. E. 596, where many of the cases from other states were collected, it was held that plaintiff could recover where the accident occurred while plaintiff was driving his automobile on a brick road and just after crossing a bridge the road curved sharply, which curve the driver could not see because of darkness and had no knowledge thereof, and in attempting to make the curve the automobile turned over. It was held that the injury resulted from an accidental collision with another object. In *Fireman's Ins. Co. v. Savery*, — Ind. App. —, 143 N. E. 612, the automobile involved, while being driven at a reasonable rate of speed, skidded and collided and came in contact with the bottom of a ditch, "thereby accidentally colliding with the ground at said bottom" in which injury was caused. It was held that plaintiff could recover. In the last two cases practically all of the cases in the books are collected and discussed and it is held from the meaning of the words "collision" and "object" under the rules of construction and where the occurrence is not excluded by particular exceptions, that in

all cases of an accidental collision with any object where injury is caused plaintiff may recover.

Finding no error in the record, the judgment of the circuit court of Tazewell county is affirmed.

*Affirmed.*