## AMERICAN INDEMNITY CO. v. HALEY.
### No. 1888.

Court of Civil Appeals of Texas. Beaumont.
March 4, 1930.
Rehearing Denied March 12, 1930.

Ramsey & Minton, of San Augustine, and Terry, Cavin & Mills, of Galveston, for appellant.

W. T. Davis, of San Augustine, for appellee.

HIGHTOWER, C. J.

This suit was filed in the county court of San Augustine county by the appellee, against appellant, to recover damages to appellee's automobile in the sum of $486.80, and interest. Appellee alleged in substance that appellant issued to him a policy of insurance on the 1st day of March, 1927, insuring his automobile against loss and damage by fire for a period of one year, and that on the 21st day of April, 1927, his automobile was damaged by fire to the extent of $486. Appellee alleged that he had complied with all the terms of the policy and that the policy was in full force and effect at the date of the fire and the policy was attached to the petition as an exhibit.

Appellant answered by general demurrer and general denial. The case was tried before the court without a jury, and resulted in a judgment in favor of the appellee for $541.27, that being the aggregate sum of the damages to appellee's car, together with the interest thereon up to the date of the trial. Appellant gave notice of appeal, which was duly prosecuted to this court. The evidence, as reflected by the record, discloses the following facts. Appellant, on March 1, 1927, issued and delivered to appellee a policy of insurance in-

912

suring appellee's automobile "against direct loss ·or damage from fire," however caused, for a period of one year from the date of the policy. On April 21, 1927, while appellee was driving his car on a highway near the town of Keatchie, in the state of Louisiana, his car caught on fire, and while appellee was in the attempt to get out of the car because of the fire, the car swerved from the highway into a ditch and turned over on its side. Appellee, with the assistance of four or five men who came along the highway at that time, succeeded in extinguishing the fire after about five minutes work, but the car was so badly damaged that appellee could not operate it and went to the town of Keatchie, about three-quarters of a mile distant, and phoned to a garage keeper and repair shop at Shreveport, La., owned by Hughes Bros., and requested Hughes Bros. to come and get his car and take it to Shreveport, the nearest repair shop, and repair it, which was done. When appellee discovered that his car was on fire, he was a very short distance from a curve in the highway, and at that time the fire was only around the hood of the car, and appellee at once made an effort to stop the car, but before he could do so, the fire had spread considerably and was all under the car at the time it swerved from the highway into the ditch, where it turned over with appellee still in it.

On the next day after the fire, appellant's local agent at San Augustine, Tex., by whom the policy was delivered to appellee, was notified by appellee of the fire and the condition of the car and thereafter, within less than sixty days, appellee furnished to appellant, notwithstanding appellant's contention to the contrary, due proof of loss and damage to the car as provided by the policy. Appellee's claim was denied; hence this suit.

The provision of the policy insuring appellee's car "against direct loss or damage from fire" was followed by another provision in which it was stated that "loss or damage from collision or impact" was excluded and not covered by the policy. The undisputed proof showed that by far the greater part of the damage to appellee's car was the result of the car's leaving the highway and falling in the ditch, when it was running at the speed of about twenty miles an hour. Very few parts of the car were actually consumed by the fire itself. The undisputed proof further showed that appellee actually paid out as the cost of materials, parts, labor, etc., necessary to repair his car, the sum of $486.80, as alleged by him.

■ Upon the facts, as we have briefly stated them, appellant contends that since the undisputed proof showed that the greater part of the loss sustained by appellee was not loss direct from fire, within the meaning of the policy, but that such loss was the result of upset and collision, which was expressly excluded by the policy, that appellee was not entitled to recover such portion or part of the loss or damage as was caused by the impact or collision. In other words, it is appellant's contention that the major portion of the damage sustained to the car was not within the contemplation of the parties to the insurance contract, when they agreed that the car should be insured only against direct loss from fire. After reading the policy as a whole, we find no difficulty in concluding that appellant is wrong in this contention. It is true that the policy insured appellee's automobile "against direct loss or damage from fire" and in a subsequent provision in the policy expressly excluded "loss or damage from collision or impact," but it does not follow from this that the damages sustained to appellee's car were not, in legal contemplation and in contemplation of the parties to this contract "direct loss or damage from fire." In order to come within the provision of the policy, it was not required that the damage to the car was caused by actual consumption by fire. It was only required that fire was the proximate cause of the damage sustained to the car. We think this conclusion is clearly sustained by the decision of our Commission of Appeals in the case of Reliance Ins. Co. v. Naman, 6 S.W.(2d) 743, 745, and the authorities there cited. In that case Judge Speer, speaking for the Commission, said: "Where a loss does come within the contract, the recovery is not dependent upon consumption, or even actual ignition, for a direct loss may otherwise result. The damage may be caused by smoke and soot * * *; by heat; * * * by water; * * * by fall of building; * * * by explosion; * * * by theft as a result of the fire; * * * or by any other method directly due to the fire."

We think that the conclusion that the damage and loss to appellee's car in this case was directly due to fire is inescapable and, therefore, we overrule appellant's contention to the contrary. The conclusion just announced has the effect to overrule and dispose of appellant's propositions four and five, by which it is contended that the judgment should be reversed because the evidence adduced upon the trial failed to show how much of appellee's damages was directly caused by fire, and how much was caused by collision and impact.

■ Upon the trial of the case, while appellee was upon the stand as a witness and after he had testified to the amount of expense that he had been to in repairing his car, his counsel offered in evidence a bill for labor and repairs that had been presented to appellee by Hughes Bros., who had furnished the articles, material, labor, etc., in the repair of the car, the amount of the bill being $476. Appellee had stated that the charges for the articles and material mentioned in the bill, and the charges for labor mentioned in the bill, were the usual and customary charges for such articles and labor as were furnished to

appellee by Hughes Bros., and the bill was introduced in evidence over appellant's objection. The main objection was that there was nothing to show that the articles mentioned in the bill had been actually furnished or that the labor charged for had been actually performed. The court overruled the objection and admitted the bill. There is nothing in connection with the bill, informal as it is in this record, to show that either of these objections were true, in fact. In other words, the bill, in this connection, is not a declaration by the trial judge that there was nothing in evidence to show that the articles and labor as mentioned in the bill were not furnished and, therefore, the bill does not show reversible error. In order to get at the truth of this matter, in view of the form of the bill in this connection, we would be required to look through the entire statement of facts, and we decline to do so. Terrell v. McCown, 91 Tex. 231, 43 S. W. 2. This decision by our Supreme Court has been followed on this point by enumerable others. In addition to this reason for overruling appellant's contention in this connection, we might add that the trial was before the court without a jury, and if this bill furnished to appellee by Hughes Bros. showing the cost of the repair of his car was not admissible in evidence, it will be presumed that the trial court disregarded it.

Appellant also contends that the trial court committed error in admitting in evidence certain letters passing between appellant and its local agent at San Augustine and a claim adjustment company domiciled at Beaumont, Texas, relating to the claim made by appellee on appellant after the fire that damaged his car. The bills, as presented in this connection, are in the same shape as the bill we have just above disposed of, and, for the same reason, we overrule them.

Appellant makes the further contention that since there was a provision in the policy to the effect that appellee should furnish to appellant sworn proof of loss within sixty days after his car was damaged by fire, and since appellee had pleaded that he had complied with all the terms of the policy, and that since there was no proof that appellee had in fact furnished to appellant notice of loss within sixty days, he was not entitled to recover anything. We overrule this contention. In the first place, we are inclined to think, but do not decide, that the failure, had there been a failure on appellee's part, to furnish proof of loss within sixty days, was a matter of defense to be interposed and sustained by appellant, and there was no such plea and no evidence offered by appellant to that effect. In the next place, we think this record discloses without dispute that appellee complied with the provision of the policy requiring notice of loss within sixty days and, therefore, overrule this contention.

What we have said has the effect to dispose of all contentions made by appellant and results in affirmance of the judgment.