Joseph D. Teitelbaum, Appellee, v. St. Louis Fire and Marine Insurance Company, Appellant.

Gen. No. 39,903.

Opinion filed June 29, 1938.

THOMAS D. HUFF, of Chicago, for appellant; HER-BERT A. HUFF and THOMAS M. BARGER, JR., of Chicago, of counsel.

JOSEPH D. TEITELBAUM, *pro se.*

MR. JUSTICE HALL delivered the opinion of the court.

After a trial in the municipal court of Chicago, the plaintiff was awarded damages in the sum of $169.75, for injuries caused to his automobile.

The automobile was parked in a vacant lot adjacent to a building, and the injury and damage to it was caused when a person either jumped or fell from the third story of this building and landed on the automobile. It is agreed that under the terms of the policy upon which the action is predicated, plaintiff is not entitled to recover if the "loss was caused by collision with any other object." The only controversy between the parties then is whether or not the damage was caused "by collision with another object." If the incident can be said to have been a collision, plaintiff cannot recover. If it was not a collision, he can recover.

Standard Dictionary defines "collide" as follows: "To dash into each other, as two moving bodies; to

meet and strike violently as trains or steamships.'' ''Collision'' is defined as follows: ''The act of colliding; striking together; violent contact as trains or steamships.''

In *Schussler v. Fort Dearborn Casualty Underwriters,* 230 Ill. App. 581, this court held that insurance against loss by damage to an automobile by ''collision'' with any object, moving or stationary, includes loss sustained by damage to the automobile when it skidded while going down hill and struck a ridge of gravel, sand and clay about 12 inches high alongside the roadway but not in the beaten wheel path, thereby causing a wheel to collapse and overturn the car. In other words the plaintiff could recover for damage caused by ''collision'' under these circumstances. See also *Orr v. Farmers Automobile Ins. Ass'n,* 242 Ill. App. 135.

In *Frieberger v. Globe Indemnity Co.,* 199 N. Y. S. 310, it was held that damage to an automobile from the fall of an elevator on which it was being lowered was covered by a policy indemnifying for damage to an automobile caused solely by accidental collision with another object, either moving or stationary, for ''collision'' means strictly the impact of objects, visible, tangible, concrete, and real entities, through anyone of such objects moving against the other, and the fact that the striking was mediate rather than direct, in that the floor of the elevator struck the pit and communicated the force to the automobile, was immaterial.

In *National Fire Ins. Co. v. Elliott,* 7 F. (2d) 522, the court held that where a fire and transportation automobile policy insured against perils of collision of the conveyance used to transport an automobile, and that when the automobile was being lowered from the second floor of a storage room to the ground floor, by elevator, and the elevator dropped and struck the bottom of the shaft, and the automobile was bent,

broken and twisted, there was a "collision" of the elevator with the bottom of the shaft, within the meaning of the policy.

We are of the opinion that the injury to plaintiff's automobile was caused by a collision as that term is defined, and that under the terms of the policy sued on, plaintiff cannot recover. Therefore, the judgment of the municipal court of Chicago is reversed and judgment is entered here against plaintiff for costs of suit.

*Judgment reversed and judgment here against plaintiff for costs.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.