## McGinnes v. The Travelers Fire Insurance Co.

*George B. Balmer*, for plaintiff.
*John H. Bertolet*, for defendant.

SCHAEFFER, P. J., January 6, 1941.—The issue here is whether the damages sustained by plaintiff's standing automobile when struck by the team of runaway horses

are within the provisions of plaintiff's policy of insurance issued by defendant. The policy, issued for an annual premium of $7.45, contains a "Definition of Peril" which is as follows:

"Loss of or damage to the automobile.

"Any loss of or damage to the automobile . . . subject to the provisions of that division hereof, which is stated as applicable in the limit of liability space of item 4 of the declarations and subject to the exclusions stated below.

"Division 1—As respects loss caused by collision with any other object or by upset, the deductible sum, if any, stated in item 4 of the declarations shall be deducted from the amount of each such loss when determined. . . .

"Division 3. This company shall not be liable for loss caused by collision with any other object or by upset."

Does this latter sentence, properly construed, embrace the happening here declared upon? Were the damages sustained by the automobile when struck by the runaway horses "caused by collision with any other object"?

Plaintiff contends that under established principles of construction the words of the general indemnification, "Any loss or damage to the automobile," cover all cases of damage to the automobile by collision, whether the automobile was or was not in motion (that is, whether the automobile struck some standing or moving object or whether the automobile while stationary was struck by some object moving into or against it), whereas the provisions limiting these words of general indemnification must be strictly construed so that the language of division 3, "loss caused by collision with any object," must be held to embrace only the case where the automobile was in motion and can be said to have done the striking. Plaintiff bases this contention upon two rules of construction: First, that the terms of the policy must be construed most strongly against the insurer; and, secondly, that the words of general indemnification can only be limited by clear and unambiguous language. This con-

tention leads plaintiff to the position that the word "collision" in division 3 of the policy must be given a more limited meaning than that given the word "collision" in the second division of the policy. In other words, he asserts that the word "collision" in one place in the policy embraces the cases of both striking and being struck and in the language now in question includes only striking and excludes the case of being struck.

Such a result seems to us to be carrying legal niceties to an absurd conclusion. To this plaintiff and all others who purchase such a contract the word "collision" would have but one and the same meaning wherever it appears in the contract. And such is the principle of law. It is a principle of statutory construction that the legislature used a word throughout an entire act in the same sense: Endlich on Interpretation of Statutes, secs. 41, 53. Under this principle the word "collision" should be given precisely the same meaning wherever it appears in the contract. And in a contract, such as that before us, our aim must be to discover and to give effect to the intention of the parties. Niceties of legal construction should be employed only when the words or terms employed leave us in doubt as to what the parties actually intended. As Mr. Justice Woodward says in Williamson et al. v. McClure, 37 Pa. 402, 409:

"The very idea of construction implies a previous uncertainty as to the meaning of the contract, for when the meaning is clear and unambiguous, there is nothing for construction to do. A court will not, by construction, defeat the express stipulations of the parties, nor interpolate a condition that was not in their thought or intention, but they will so construe the words that they shall have, if possible, the very effect intended."

Our conclusion is that the word "collision" in this policy means both the fact of striking and the fact of being struck.

So far as we have been able to learn the only case directly in point is that of Teitelbaum v. St. Louis F. & M.

Ins. Co., 296 Ill. App. 327, 15 N. E. (2d) 1013, where the policy, like that before us, excluded "loss caused by collision with any other object," and it was held that this language embraced the case of a parked automobile which was damaged by the falling upon it of a person who jumped or fell from an adjoining building.

In Universal Service Co. v. American Ins. Co. (Mich.), 181 N. W. 1007, it was held under a "full coverage collision" insurance policy that the striking of a truck by a falling onto it of the scoop of a steam shovel while the truck was being loaded was a collision within the meaning of the policy.

Plaintiff is, therefore, not entitled to recover the amount of the damages caused by the collision beyond the amount of $7.75 which defendant admits is due under the policy for breakage of glass in the automobile.

Accordingly the questions of law are decided in favor of defendant.

And now, to wit, January 6, 1941, judgment is directed to be entered in favor of defendant and against plaintiff for want of a sufficient reply to the new matter set forth in the affidavit of defense as to all of plaintiff's claim against defendant in excess of $7.75, with leave to plaintiff, however, to proceed for said amount of $7.75.