**CALVERT FIRE INS. CO. v. KOENIG.**

No. 12581.

Court of Civil Appeals of Texas.
Galveston.

May 28, 1953.

Rehearing Denied June 25, 1953.

Biggers, Baker, Lloyd & Carver, Spencer Carver, Dallas, for appellant.

Massey, Hodges, Moore & Gates, Morris Hodges, Columbus, for appellee.

GRAVES, Justice.

This was a suit by the owner of an automobile against his insurance carrier for the damages to his automobile, less the deductible, occasioned by a collision with a rock on the roadbed. That collision was alleged to have knocked the drain-plug out from the underside of the vehicle, resulting in the loss of oil, and burning and scoring the motor.

After the appellant denied liability, appellee sued for the cost of such repairs, less the deductible amount.

Appellant, in defense, pled that the damages suffered, exclusive of the cost of replacing the drain-plug and repair to the oil pan, were not the result of a collision; but were the result of plaintiff's failure to exercise ordinary care in the protection of his automobile, after the collision.

Wherefore, the damages suffered were not compensable under the policy in question. The case was tried before the court without a jury, which found all of the damages sued for to be collision damages, insured by the policy. Hence this appeal.

Appellant comes to this Court on three points of assigned error to the effect that the uncontroverted evidence conclusively showed these three resulting conditions, to wit:

(1) that the collision damage to the vehicle was less than $50, the deductible amount;

(2) that the insured violated the contractual conditions of the policy of insurance, requiring preservation after loss;

(3) that the assured's failure to preserve after loss created other and additional damages not covered by the insurance contract.

The appellee answers appellant's three points with three counter ones on his part to the effect that the trial court correctly held for him "because all of the damages sued for were collision damages, because the evidence did not show any violation of the contractual conditions of the policy, and, because it showed there was no failure on his part to preserve the property after the loss; wherefore, he urges that all the damages claimed by and awarded to him in the judgment were compensable under the policy."

This Court, without extended discussion, sustains the appellee's answering position. It is true, as appellant asserts in that respect, that the evidence was all undisputed; it is held that appellant's construction of the purport and meaning thereof was wholly erroneous. The controlling provision of the policy upon this suit is thus set out thereupon:

"Coverage B-1—Collision or Upset

"Direct and accidental loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

The testimony of the appellee regarding the collision was in its material part, substantially this, with especial reference to the collision he declared upon: "that he saw a rock on the road-bed; he tried to miss it, but caught it with his right front tire, thereby causing the rock to strike the underside of his automobile; that it did not occur to him that the rock had caused any damage to his car, and that he continued to drive on for about one, or possibly one and a half miles, when he saw that his oil pressure had dropped off; that, after the collision, he did not notice any heat from the motor, nor were there any unusual sounds from the motor, prior to the time he stopped his car; that he had struck rocks before, and had suffered no such damage, and that it did not occur to him that anything was wrong until he noticed his oil gauge. Upon discovery of the lack of oil pressure, appellee stopped his car, examined it, and found the hole in the oil pan; that the motor was not started thereafter, but the car was pushed and pulled to the Koehn garage for examination and repair."

There was no dispute of there having been in fact a collision, substantially as

so testified to by the appellee; indeed, this Court has found no denial of it in the record.

There remains nothing to do in this cause, it is thought, than to apply the well-settled law as declared by our Supreme Court to the factual conditions so governing it. The question as to what damages are compensable as collision damages was very recently answered by our Supreme Court in Providence Washington Insurance Co. v. Proffitt, 239 S.W.2d 379. Upon a state of facts not materially different from those here obtaining upon that feature, the Supreme Court said this: "There is no doubt under the evidence that the automobile was upset when it was washed from the causeway and turned 'half over'. The extent of the damage to the automobile flowing immediately from the collision and the upset is not shown and is immaterial. It is immaterial also that the injury was done in fact by water. The collision of the water with the automobile set in motion the series of events which, unbroken by the intervention of any new and independent cause, led to the destruction of the automobile. The collision was the peril insured against. It follows that the loss or damage to the automobile was 'caused by collision of the automobile with another object or upset of the automobile' within the meaning of Coverage B-1 even though the automobile had come to rest, without damage, following the original collision and upset described in the opinion of the Court of Civil Appeals, 234 S.W.2d 894." See also Federal Life Ins. Co. v. White, Tex.Civ.App., 23 S.W.2d 832, and American Indemnity Co. v. Haley, Tex.Civ. App., 25 S.W.2d 911, error dismissed.

The undisputed facts here showed that the repairs to this automobile cost the appellee $302.01; the policy he sued upon covered the cost of repair less the deductible amount of $50; wherefore, the resulting damages suffered by him were $252.01, arrived at by subtracting the $50 deductible amount from the $302.01 total repair cost. The trial court accordingly awarded him the sum of $252.01 as damages flowing from the collision so found to have occurred. Since there is no proper contest upon the facts, as indicated, this Court must assume that the trial court correctly found all the fact issues involved in favor of and in support of the judgment it rendered. Texas Rules of Civil Procedure, rules 296, 298, 299; City of Galveston v. Winslow, Tex.Civ.App., 218 S.W.2d 508.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

MONTEITH, C. J., not sitting.