THE REV. C. L. GRIFFIN v. INTER-OCEAN INSURANCE COMPANY.

(Filed 19 September, 1956.)

**Insurance § 43½—**

> Insured was riding on the rear of a truck. The cab of the truck struck an overhanging limb, breaking the windshield. The limb was bent far enough back for the cab to pass, and when the pressure on the limb was released by the passing of the cab, it flew back, striking plaintiff in the eye, causing the loss of the sight of that eye. *Held:* The striking of the limb by the cab was a collision within the meaning of that term as used in the policy in suit, and that the limb should strike plaintiff on the rebound was an accident within the coverage of the policy.

JOHNSON, J., not sitting.

APPEAL by defendant from *Frizzelle, J.,* May Term 1956 of PAS-QUOTANK.

Defendant insured plaintiff "against loss resulting from bodily injuries caused directly and independently of all other causes through accidental means. . . . While driving or riding in an automobile and such injury so sustained shall be the direct and immediate consequence of the collision, upset or disabling of such automobile (the term automobile to include and be limited to private passenger automobile, taxicab, truck, bus and trackless trolley)"

The policy provides for the payment of $900 for "the loss of sight of either eye."

Plaintiff was riding in the rear of a truck on a farm lane or road. On the side of the road was a row of trees. A limb two and one-half to three inches in diameter overhung the road. The cab of the truck struck this limb, breaking the windshield. When the truck struck the limb, it bent the limb back far enough for the cab of the truck to pass. When the pressure on the limb was released by the passing of the cab, it flew back, striking plaintiff in the right eye, causing the loss of the sight of that eye.

Defendant, by motion for nonsuit and exceptions to the charge, insists that the injury sustained was not the direct and immediate consequence of the collision.

*John H. Hall for plaintiff appellee.*
*LeRoy & Goodwin for defendant appellant.*

PER CURIAM. The striking of the limb by the cab of the truck was a collision. That the limb should spring back to its normal position when the pressure created by the collision was released was the natural and

direct result of the collision. It was an accident that the limb should strike plaintiff on the rebound caused by the collision.

The injury resulting from this accident was the immediate and direct consequence of the collision. Hence, liability existed under the policy.

The amount is not in controversy.

No error.

JOHNSON, J., not sitting.