Leon SHILLINGS et al., Appellants,

v.

MICHIGAN MILLERS MUTUAL INSUR-ANCE COMPANY, Appellee.

No. 918.

Court of Civil Appeals of Texas, Tyler.

April 22, 1976.

Rehearing Denied May 20, 1976.

Tom McLeroy, McLeroy & McLeroy, Center, for appellants.

John L. Price, Fairchild, Hunt & Price, Center, for appellee.

McKAY, Justice.

Appellants brought suit against appellee on an insurance policy for damage to a caterpillar tractor as a result of a tree accidently falling thereon. Trial was had before the court upon an agreed statement of facts, and the court rendered a take nothing judgment against appellants, from which they appeal.

The caterpillar tractor was used for clearing land and building stock ponds. In using the equipment in cutting large trees the operator causes the cutting blade of the tractor to be driven into one side of the tree at approximately one-half of the diameter thereof, then backs the tractor, disengaging the blade, and then drives the cutting blade into the remaining portion of the tree causing it to fall forward away from the tractor.

On the occasion in question the tractor's cutting blade was initially driven into one side of a tree which, unknown to the operator, was hollow. When the tractor blade was withdrawn, the other portion of the tree trunk gave way, and the tree fell in the wrong direction onto the tractor causing damages of $2,083.90 to the tractor.

Appellants' two points of error maintain that the trial court was in error in rendering a take nothing judgment because the agreed statement of facts conclusively shows that the damage to the tractor resulted from a collision within the meaning and terms of the insurance policy in question.

The policy is called an inland marine policy, and the policy provision in controversy was an attachment to and formed a part of Policy No. IMP9018 31 87, styled "Contractors Equipment Form." The policy attachment or endorsement provides, in part, as follows:

"2. THIS POLICY INSURES AGAINST LOSS OR DAMAGE BY:

\*　\*　\*　\*　\*　\*

(i) Collision, landslide or upset.

"3. THIS POLICY DOES NOT INSURE AGAINST:

\*　\*　\*　\*　\*　\*

(i) Incidental loss or damage due to operation of equipment　\*　\*　\*"

The question presented is whether the tree falling across the tractor constitutes a collision within the meaning of the policy.

The policy does not define "collision", so we must look elsewhere for the meaning. Webster's Seventh New Collegiate Dictionary, p. 163 (1969), defines "collide" as "to come together with solid impact," and "collision" is defined therein as an "act or instance of colliding." Black's Law Dictionary, p. 330 (4th Ed., 1968), defines "collision" as "striking together of two objects, one of which may be stationary. \* \* \* act or instance of colliding; state of having collided." Many automobile insurance cases have used definitions similar to *Webster's* and *Black's* in interpreting the collision clause. See 7A Words and Phrases pp. 264–269 and pocket parts pp. 45–47 and 15 C.J.S. p. 1. "The word 'collision' implies an impact, and imports a striking together, and may include any impact of one body with another." 15 C.J.S. p. 2.

Since the word "collision" is not defined in the policy there is no restriction or limitation on its meaning. Our best guide seems to be to examine what our courts have said in construing the collision or upset clause in automobile insurance policies. It was held in *Providence Washington Ins. Co. v. Proffitt*, 150 Tex. 207, 239 S.W.2d 379 (1951), that where an automobile was swept off a causeway across a river by flood waters, the force of the flood waters against the automobile was a collision within the meaning of the collision or upset clause.

In *Great American Ins. Co. v. Lane*, 398 S.W.2d 592 (Tex.Civ.App.—Dallas 1965,

writ ref'd n. r. e.), it was held that the falling of a dragline bucket onto a truck it was loading with dirt constituted a collision within the meaning of the collision coverage of an automobile policy.

It was held in *Calvert Fire Ins. Co. v. Koenig*, 259 S.W.2d 574 (Tex.Civ.App.—Galveston 1953, writ dism'd), that where the tire of an automobile struck a rock in the road and caused the rock to strike the underside of the vehicle so as to knock a hole in the oil pan there was a collision. See *Mercury Ins. Co. v. Varner*, 231 S.W.2d 519 (Tex.Civ.App.—Eastland 1950, writ ref'd).

Both *Lane* and *Koenig* cited and relied upon the *Proffitt* case.

While we have found no Texas case directly in line with the facts of the instant case, there is a Louisiana case which had almost identical facts. In *Bernard v. Houston Fire & Casualty Ins. Co.*, 81 So.2d 132, 54 A.L.R.2d 374 (La.Court of App. 1955, cert. den.), it was held there was a collision covered by an automobile insurance policy when a tree being sawed by workmen fell upon the automobile and the policy provided for loss "caused by collision of the automobile with another object."

In *Teitelbaum v. St. Louis Fire & Marine Ins. Co.*, 296 Ill.App. 327, 15 N.E.2d 1013 (1938), it was held that when a person jumped or fell from the third story of a building and landed on an automobile parked in an adjacent vacant lot the damage to the vehicle was caused by a collision.

It was held in *Griffin v. Inter-Ocean Ins. Co.*, 244 N.C. 484, 94 S.E.2d 358 (1956), that when the cab of a truck struck a tree limb there was a collision. (See note 78 A.L.R.2d 1051).

In *Jones v. Virginia Surety Co.*, 145 Mont. 440, 401 P.2d 570 (1965), it was held that since the word "collision" was not restricted or limited to a collision with any particular thing, the falling of a log onto a truck as it proceeded down the road was a collision where the log was felled by an employee of a logging contractor.

11 Couch on Insurance 2d Sections 42.190 through 42.195, sets out rules of construc-tion for the term "collision" as applied to automobile collisions. In Section 42.193 it is said:

"In the majority of cases the term 'collision' has been defined broadly to mean striking together or striking against, the courts usually following some dictionary definition, which is taken verbatim from one or another of the leading dictionaries.

"By the dictionary definition, collision has been variously defined as—

"—the act of colliding, and imports a striking together or against.

"—the impact or sudden contact of a moving body with an obstruction in the line of motion.

"—the act of colliding, a striking together, a violent contact, and implying an impact, the sudden contact of a moving body with an obstruction in its line of motion.

"—the act of one object in suddenly coming violently into contact with another, in motion or standing.

"—a meeting and mutual striking of two or more moving bodies, or of a moving body with a stationary one.

"—a striking against something on or along the road."

See *Universal Service Company, et al. v. American Insurance Company of Newark, New Jersey*, 213 Mich. 523, 181 N.W. 1007, 14 A.L.R. 183, 187 (1920); 23 A.L.R.2d 397.

Appellee contends that the facts show that damages to appellant's tractor did not result from a collision within the meaning and terms of the policy, or, even if a collision within the meaning and terms of the policy did occur, such risk was not covered but rather specifically excluded by the policy under the facts. We disagree with appellee's contentions.

Appellee cites *O'Leary v. St. Paul Fire & Marine Ins. Co.*, 196 S.W. 575 (Tex.Civ.App.—Beaumont 1917, no writ); *American Automobile Ins. Co. v. Baker*, 5 S.W.2d 252 (Tex.Civ.App.—Waco 1928, no writ); *Glens Falls Ins. Co. v. McCown*, 149 Tex. 587, 236 S.W.2d 108 (1951), and *United States Ins. Co. of Waco v. Boyer*, 153 Tex. 415, 269

S.W.2d 340 (1954), as supporting its contentions.

In *O'Leary* the second floor of a building used as a garage fell upon a car and damaged it as a result of a severe storm, and the court held there was no collision.

In *Baker* the policy insured plaintiff "against actual loss or damage to her automobile if caused, while the policy was in force, 'by accidental collision with any other automobile, vehicle, or object.'" The car was damaged by hail falling upon it, and the court held there was no collision under the terms of the policy. The court said at p. 254, " * * * In the usual and popular understanding of the term, a collision does not result, we think, from the force of gravity alone, especially when unaided by any human agency contributing thereto."

In *McCown* the court was not concerned with the question of whether there was a collision.

In *Boyer* the court held that debris falling from a building damaged by a tornado onto a stationary vehicle did not constitute a collision with an object since the destruction of the automobile was due to windstorm. Companion case: *Home Ins. Co. of N. Y. v. Cox*, 153 Tex. 421, 269 S.W.2d 343 (1954).

We believe each of these cases is clearly distinguishable from the case here.

■ Appellee contends that even if there was a collision there is no coverage because the policy expressly provides that it does not "insure against * * * (i) incidental loss or damage due to operation of equipment * * *." Rule 94, T.R.C.P., provides that an insurer may not be allowed to raise an exception or exclusion to the insured's claim unless such exception or exclusion is specifically alleged as an affirmative defense. *T.I.M.E., Inc. v. Maryland Casualty Co.*, 157 Tex. 121, 300 S.W.2d 68 (1957); *International Security Life Ins. Co. v. Powers*, 458 S.W.2d 936 (Tex.Civ.App.—Amarillo 1970, writ ref'd n. r. e.). Appellee did not specifically plead the exception or exclusion it relies on in this court; however, this case having been tried upon an agreed

statement of facts the pleadings are immaterial and all questions as to the sufficiency of the pleadings are waived under Rule 263, T.R.C.P. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709 (1945); *Patton v. Wilson*, 220 S.W.2d 184 (Tex.Civ.App.—San Antonio 1949, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice, Sec. 16.03.

In such a state of the record we must attempt to determine the meaning of "incidental loss or damage due to operation of equipment." The policy does not define the words there used nor does it explain their intended meaning. Appellee argues that the terminology of the exception or exclusion is definite, clear and free from ambiguity. We disagree.

The agreed facts reveal that the normal usage of the caterpillar tractor was to clear land and build ponds, and that at the time the tree fell on the tractor such tractor was being operated in its normal and customary use of land clearing. Was the damage to the tractor "incidental loss or damage due to operation of equipment?"

"Incidental" is defined by Webster's New Twentieth Century Dictionary, Unabridged, p. 922 (2nd Ed.1963), as "happening or likely to happen as a result of or in connection with something more important; being an incident; casual; secondary or minor, but usually associated; as, the incidental costs of education." Black's Law Dictionary, p. 904 (4th Ed.1968), defines "incidental" as "depending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal; something incidental to the main purpose."

In 42 C.J.S. p. 520, "incidental" is described as "an adjective which has reference to something which is subordinate to, and dependent on, and follows the existence of another and principal thing, implying a real and, it may be, even a designed relation, but one which is secondary and nonessential, as incidental result or benefit, and incidental expenses * * *"

Courts have defined the word "incidental" with a variety of terms such as acciden-

tal, casual, subordinate, occasional, accessory or collateral.

Soule's Dictionary of English Synonyms, p. 280 (1959), also lists the words fortuitous, contingent, adventitious, extraneous, or nonessential as synonyms for incidental.

 From the definitions above an interpretation could be made that the use of the word "incidental" in the policy was designed to exclude loss or damage caused by some secondary or subordinate use other than its normal and customary use. We cannot determine, however, whether the word "equipment" was intended to include the tractor itself since the policy lists the tractor as the "property" insured. In our opinion the language "incidental loss or damage due to operation of the equipment" is indefinite, unclear and ambiguous. Under appellee's theory and argument it would appear that the provision in question would not cover any loss or damage to the equipment during its normal and customary use. We are unable, however, to determine the intent of the parties from the quoted language of the policy.

It should be pointed out that the word "incidental", as used in the policy, is an adjective modifying the words "loss or damage". If appellee's argument is that the policy excludes loss or damage caused by incidental *use* of the tractor, then its position cannot be upheld because the language of the policy as so written does not clearly express such meaning.

Where a policy of insurance uses terms of doubtful meaning or where the language of the contract is ambiguous the contract will be strictly construed in favor of the insured and against the insurer. *Royal Indemnity Co. v. Marshall*, 388 S.W.2d 176 (Tex.1965); *United Founders Life Ins. Co. v. Carey*, 363 S.W.2d 236 (Tex. 1962); *Providence Washington Ins. Co. v. Proffitt*, supra.

We are of the opinion that under a fair, reasonable and sensible construction of the policy, together with the generally accepted meaning of the word "collision" as defined by the courts and the lexicographers, the falling of the tree onto the tractor constituted a collision. We are of the further opinion that the claimed exception or exclusion is indefinite, unclear and ambiguous and, therefore, does not exclude appellant's claim. Appellant's points are sustained.

Judgment of the trial court is reversed and judgment here rendered for appellants for $2,083.90 and costs.